CLERK OF THE
PLEAS COURT
LICKING C...

2018 JUN 23 PM 1:43

GARY R. WALTERS
CLERK

IN THE COMMON PLEAS COURT OF LICKING COUNTY, OHIO

| | |
|---|---|
| Decker Construction Co.<br>3040 McKinley Avenue<br>Columbus, Ohio 43204,<br><br>    Plaintiff,<br><br>vs.<br><br>Wesex Corporation<br>85 Garfield Street/P.O. Box 268<br>West Middlesex, Pennsylvania 16159,<br><br>and<br><br>CCL Label, Inc.<br>161 Worcester Road, Suite 502<br>Framingham, MA 01701,<br><br>    Defendants. | 18CV0630 TMM<br><br>Case No._____<br><br><br>Judge _____ |

## COMPLAINT

Now comes the Plaintiff, Decker Construction Co. ("Decker"), and for its Complaint states the following:

1.    Decker is a company registered to do business in the state of Ohio with its place of business located within Franklin County, Ohio. Decker's primary business is to manufacture asphalt and to pave streets, roadways and parking lots.

1

**SCANNED**

2. Defendant Wesex Corporation ("Wesex") is a general commercial construction contracting company with a principal place of business in West Middlesex, Pennsylvania.

3. Defendant CCL Label, Inc. ("CCL Label") is a manufacturing company with a principal place of business in Framingham, Massachusetts.

4. In 2015, Wesex entered into an agreement with CCL Label to design and build a new production and office facility located on approximately seven acres of land located in Licking County and the City of New Albany (hereinafter referred to as the "Project"). Both Wesex and CCL Label are in possession of the Design-Builder Agreement they entered into for the Project.

5. In 2017, Wesex, as the design-builder for the Project, entered into a subcontract with Decker that is entitled "Agreement Between Design-Builder and Subcontractor" (hereinafter referred to as the "Subcontract Agreement"). A true and accurate copy of the Subcontract Agreement is attached hereto as Exhibit A.

6. Pursuant to the Subcontract Agreement, Decker was to perform asphalt paving and install pavement markings for the Project for the initial sum of $124,089.00. Wesex requested and approved Decker performing additional work on the Project in the form of placing extra stone in the parking lot area, cleaning dirt off the base for paving, and for repairing an area of asphalt that had sunk near a brick drain. Decker performed the original and additional work, and provided materials to the Project for the total sum of $143,384.00.

7. According to the terms of the Subcontract Agreement, Wesex was obligated to pay Decker each progress payment within fifteen days of receipt of like payment from CCL Label.

8. In addition, Wesex was obligated under the terms of the Subcontract Agreement to make final payment to Decker after Decker's work was complete and accepted by CCL Label, providing like payment has been made by CCL Label to Wesex.

9. Decker has substantially performed all of its obligations under the Subcontract Agreement.

10. Following completion by Decker of its scope of work, Wesex has failed and refused to pay Decker for that work, notwithstanding a lack of notice of any complaints of Decker's work.

11. Decker's last day or work performed or material supplied on the Project was December 4, 2017.

12. Decker's last pay application for the Project was submitted to Wesex on or about January 5, 2018.

13. Decker has repeated demanded payment from Wesex for its work on the Project.

14. To date, Wesex has not made any payment to Decker, and owes Decker the amount of $143,384.00, plus interest, pursuant to the Subcontract Agreement.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

15. Decker hereby incorporates each and every allegation set forth above as if fully rewritten.

16. Wesex's failure to pay Decker for Decker's work under the Subcontract Agreement constitutes a breach of contract.

17. Decker has been injured as a direct and proximate result of the breach by Wesex.

18. Decker's damages are in the amount of $143,384.00, plus interest from the time payments were due, plus attorney fees and such other relief as the Court deems warranted.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

19. Decker hereby incorporates each and every allegation set forth above as if fully rewritten.

20. Decker claims it work for the Project bestowed a benefit on CCL Label and CCL Label was aware of the work and materials provided by Decker without paying in full for such work and materials.

21. The reasonable value of the work performed and the material provided was $143,384.00.

22. CCL Label has been unjustly enriched by its acceptance of the work and materials provided to the Project by Decker without payment in full for the work and materials.

23. Until it is proven that CCL Label paid Wesex in full for the total amount of work and materials provided to the Project by Decker, CCL Label has been unjustly enriched by its acceptance and retention of the work and materials supplied by Decker without adequate compensation to Decker therefor.

24. Decker has been harmed as a direct and proximate result of Wesex's and CCL Label's conduct and is entitled to recover the reasonable value of the services and material provided under the equitable doctrines of quantum meruit and unjust enrichment.

4

## **THIRD CLAIM FOR RELIEF**

### **(Ohio's Prompt Pay Act)**

25. Decker hereby incorporates each and every allegation set forth above as if fully rewritten herein.

26. Decker was a subcontractor to Wesex for the Project as that term is set forth and used in Ohio's Prompt Pay Act, codified at R.C. 4113.61.

27. Wesex was contractor as that term is applied and used in Ohio's Prompt Pay Act.

28. Upon information and belief, Wesex provided CCL Label with applications for payment that included the pay applications submitted by Decker to Wesex for the amounts attributed to the work and materials provided by Decker to the Project.

29. If CCL Label paid Wesex for all or part of the work and materials provided by Decker to the Project, and Wesex has not paid Decker for any of Decker's work and materials, then Wesex has violated the provisions of Ohio's Prompt Pay Act.

30. Under Ohio's Prompt Pay Act, Decker is entitled to payment for the work and material provided to the Project within ten days after Wesex's receipt of payment by CCL Label, plus pre-judgment interest at the statutory rate of 18% on unpaid sums, plus reasonable attorney fees incurred in recovery of the wrongfully withheld payments.

**WHEREFORE**, Decker demands judgment against Wesex and CCL Label in the following amounts:

(A) As to the First Claim for Relief, $143,384.00 against Wesex for breach of contract;

CO\5822533.1

(B) As to the Second Claim for Relief, a dollar amount up to $143,384.00 against CCL Label for quantum meruit, depending upon the amount CCL Label paid, if any, to Wesex for Decker's work and materials;

(C) As to the Third Claim for Relief, $143,384.00 against Wesex, plus statutory interest at 18%, for all sums deemed payable to Decker on the 11th day after payment by CCL Label to Wesex for Decker's work and materials on the Project, plus reasonable attorney fees, under Ohio's Prompt Pay Act;

(D) Pre-judgment and post-judgment interest, costs and attorney fees, and such other relief as the Court deems just.

Respectfully submitted,

ICE MILLER LLP

Patrick A. Devine          (0022919)
250 West Street, 7th Floor
Columbus, Ohio  43215
Telephone:  (614) 462-2238
Facsimile:  (614) 222-3427
Email:  Patrick.Devine@icemiller.com
*Attorney for Plaintiff, Decker Construction Co.*