# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DECKER CONSTRUCTION CO.,**

      Plaintiff,                             Case No. 2:18-cv-00727

-vs-                                       JUDGE ALGENON L. MARBLEY

**WESEX CORPORATION, et al.,**        MAGISTRATE JUDGE ELIZABETH A.
PRESTON DEAVERS

      **Defendants.**

## THIRD PARTY DEFENDANT MARK SCHRADER'S MOTION TO DISMISS CCL LABEL, INC.'S THIRD PARTY COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Third Party Defendant Mark Schrader ("Schrader"), by and through his undersigned counsel, Porter Wright Morris & Arthur LLP and Blumling & Gusky, LLP, moves to dismiss CCL Label, Inc.'s Third Party Complaint and in support thereof states as follows:

     1.    Third Party Plaintiff CCL Label, Inc. ("CCL") has failed to allege sufficient facts to establish that Schrader is subject to personal jurisdiction in this Court, and CCL's Third Party Complaint must be dismissed as to Schrader pursuant to Fed. R. Civ. P. 12(b)(2), as more fully set forth in the Memorandum of Law in Support filed herewith.

     2.    CCL has failed to state a cognizable claim against Schrader upon which relief can be granted, and CCL's Third Party Complaint must be dismissed as to Schrader pursuant to Fed. R. Civ. P. 12(b)(6), as more fully set forth in the Memorandum of Law in Support filed herewith.

WHEREFORE, for the reasons more fully set forth in the Memorandum of Law in Support filed herewith, Third Party Defendant Mark Schrader respectfully requests that this Honorable Court grant his Motion to Dismiss CCL Label, Inc.'s Third Party Complaint.

Respectfully Submitted,

/s/ Ryan P. Sherman
Ryan P. Sherman (0075081)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, Ohio  43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
rsherman@porterwright.com

*Attorney for Third Party Defendant Mark Schrader*

Of Counsel:

David A. Levine (*pro hac vice* application forthcoming)
BLUMLING & GUSKY, LLP
436 Seventh Avenue
1200 Koppers Building
Pittsburgh, Pennsylvania  15219
Telephone: (412) 227-2500
Facsmile: (412) 227-2050

*Of Counsel for Third Party Defendant Mark Schrader*

## MEMORANDUM OF LAW IN SUPPORT

**I.      Background**

This matter arises from an Ohio State Court Complaint filed originally by Plaintiff Decker Construction, Inc. ("Decker") against Defendants Wesex Corporation ("Wesex") and CCL Label, Inc. ("CCL") ("Decker's Original Complaint").  At all times relevant hereto, CCL was the owner of a construction project, and Wesex was CCL's general contractor.  Plaintiff Decker was a subcontractor who performed work on the project for Wesex.  The disputes underlying this litigation involve compensation claimed due for the work performed.

After Decker's Original Complaint was removed to this Court, CCL filed a Third Party Complaint attempting to state causes of action against three individual employees and/or officers of Wesex, including individual Third Party Defendant Mark Schrader ("Schrader"), alleging that those individuals should somehow bear personal financial liability arising from an alleged breach of contract between CCL and Wesex.

For the reasons that follow, Schrader moves to dismiss CCL's Third Party Complaint.

**II.     Relevant Facts**

CCL is incorporated in Michigan with its principal place of business in Framingham, Massachusetts.  (See Third Party Compl. ¶ 1.)  Wesex is a general contractor incorporated in Pennsylvania with its principal place of business in West Middlesex, Pennsylvania.  (Id. at ¶ 2.)  CCL engaged Wesex by written agreement in April 2016 ("Agreement") as a Design-Builder for the construction of a new production and office facility located in New Albany, Ohio ("Project").

Wesex employed Schrader as an accountant and accounting software specialist from January 2016 to October 2017, with a title of "Chief Financial Officer."  Such title, however, was in name only as a "perk" of his position as employee.  (See Affidavit of Mark Schrader, attached

hereto as Exhibit A.) Schrader's conduct on behalf of Wesex was at all times directed, controlled and limited by Owner and CEO Gregory Koledin ("Koledin") and Chief Design Officer Melanie Panutsos ("Panutsos"). (Third Party Compl. ¶¶ 32 and 53; see also Exhibit A.)

Schrader's work for Wesex included compiling and signing Applications for Payment for all projects performed by Wesex, utilizing information provided and approved by Koledin and Panutsos. (See Exhibit A.)

Schrader at all times resided in Pennsylvania and at all times reported to work at the Wesex corporate office located in West Middlesex, Pennsylvania. (See Exhibit A.) When the Applications for Payment were sent to CCL, they were sent via email to CCL's Director of Finance, Deborah O'Toole, located at CCL's Wilkes-Barre, Pennsylvania office. (See Exhibit A.)

### III. CCL's Third Party Complaint Must Be Dismissed as to Defendant Schrader for Lack of In Personam Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2).

#### A. Standard of Proof for Dismissal for Lack of In Personam Jurisdiction

It is well-accepted that, "in opposing a motion to dismiss for lack of personal jurisdiction, the burden is on the Plaintiff [CCL] to demonstrate that jurisdiction is proper." Hutchison v. Parent, 2014 WL 198798 (N.D. Ohio 2014); citing Schneider v. Hardesty, 669 F.3d 693, 697 (6th Cir. 2012); quoting Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2001). Moreover, when confronted with a "properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." See Theunissen v. Matthews, 935 F.2d 1454,1458 (6th Cir. 1991) citing Weller v. Cromwell Oil Co., 504 F.2d 927, 930 (6th Cir. 1974).

### B. In Personam Jurisdiction

In a diversity case such as this, in order to subject a defendant to the in personam jurisdiction of the court, the Court must employ a two-part analysis. First, the Court must find that Ohio's long-arm statute permits the exercise of jurisdiction. Second, the Court must find that assertion of its jurisdiction over the party is within the limits dictated by due process. See Embs v. Jordan Outdoor Enters. 2004 U.S. Dist. Lexis 27962 (S.D. Ohio 2004)(Court granted Motion to Dismiss for lack of personal jurisdiction, as to all claims against the individual officer of the corporate defendant). Neither of those criteria are met here, nor can CCL properly plead any facts that would satisfy those criteria.

### C. Ohio's Long-Arm Statute

Ohio's long-arm statute establishes the statutory requirements for exercising jurisdiction over foreign defendants. Ohio Rev. Code Ann. § 2307.382(A). Schrader has not, and is not alleged by CCL to have, undertaken any activity in the State of Ohio. To the contrary, CCL's only allegation with regard to the Court's personal jurisdiction over Schrader is that Schrader is subject to the personal jurisdiction of the district because "the events giving rise to CCL's claims occurred in Licking County, Ohio." However, only Wesex, Schrader's employer, participated in any events occurring in Ohio. CCL disregards the fact that Schrader, the *individual*, was and is a resident of Pennsylvania, who performed all of his job responsibilities in Pennsylvania, and communicated with CCL via email with CCL's office in Pennsylvania. That is to say, although jurisdiction might be exercised over his employer Wesex, there is no basis for exercising jurisdiction over Schrader individually. None of the bases for jurisdiction under Ohio Rev. Code § 2301.382(A) are satisfied.

### D. Due Process and Minimum Contacts

In <u>U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.</u>, 624 N.E.2d 1048 (Ohio 1994), the Ohio Supreme Court observed that the United States Supreme Court has held that in order for a state court to subject a party to in personam jurisdiction, the party must have certain minimum contacts with [the state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." See <u>Id</u>. (citing <u>Internat'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).  In formulating this rule, the United States Supreme Court emphasized that the analysis "cannot simply be mechanical or quantative," but rather whether due process is satisfied depends "upon the quality and nature of the activity." <u>Id</u>. at 319.

The consideration of minimum contacts serves two functions: first, it protects the nonresident defendant 'against the burdens of litigating in a distant or inconvenient forum'; and second, it ensures that the states do not encroach on each other's sovereign interest. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980).

Under the <u>Internat'l Shoe</u> doctrine, a non-resident has purposefully established minimum contact "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State…where the defendant 'deliberately' has engaged in significant activities within a State… or has created 'continuing obligations' between himself and residents of the forum…" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475-476 (1945). <u>See</u> <u>also</u> <u>Hutchison v. Parent</u>, <u>Id.</u> (concluding that an Indiana accountant's contacts with Ohio were merely in furtherance of his employment by an Indiana business, precluding the exercise of jurisdiction over the individual accountant).

"Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the individual has with the forum state." Kauffman Racing Equip., 930 N.E.2d 784, 790 (Ohio 2010). "General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" Id., quoting Bird v. Parsons, *supra* at 873. No such continuous or systematic contacts with the state of Ohio exist here with regard to individual defendant Schrader, nor are they alleged.

"A court has specific jurisdiction where a suit arises out of or is related to the defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, fn. 8 (1984)). "Specific jurisdiction is consistent with due process only where: (1) the nonresident defendant purposely availed himself of the privilege of acting in the forum state or caused a consequence in that state, (2) the cause of action arose from the defendant's activities in the forum state, and (3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Id. See also S. Mach.Co. v. Mohasco Indus., Inc., 401 F.2d 381 (6th Cir. 1968).

"The purposeful availment requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contact, or of the unilateral activity of another party or third person." Schneider, 669 F.3d at 701 (6th Cir. 2012). See also, Hutchison, *supra*, at 7-9.

CCL must also show that Schrader has a sufficiently substantial connection to Ohio such that the exercise of jurisdiction is not unreasonable. The court should consider, among other

things, the following factors: (1) the burden on Schrader; (2) the interest of Ohio; (3) CCL's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.  Id.  Here, the burden on Schrader is significant.  As a former employee of Wesex, who maintains no contacts with Ohio, and who resides and works in Pennsylvania, Schrader should not be made subject to the jurisdiction of the Courts in Ohio.  CCL's relief is as to the corporate party, Wesex, with whom CCL had its contract.  The claims against Schrader are attenuated, at best, where the pleadings admit that Schrader was at all times acting at the direction of the principals of Wesex, and not on his own authority.  Moreover, CCL acknowledges that "Defendant Koledin completely controlled Wesex to such a degree that Wesec had no separate mind, will, or existence of its own."  (See Third Party Compl. ¶¶ 32, 53.)

To the extent that Schrader is alleged to have been a corporate officer, that title in and of itself cannot form the basis for the exercise of jurisdiction.  "Jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir. 1974).  See also Costaras v. NBC Universal, Inc., 409 F.Supp.2d 897, 905 (N.D.Ohio 2005) citing Galloway v. Lorimar Motion Picture Mgmt., Inc., 562 N.E.2d 949 (Ohio App. 5 Dist. 1989).  In determining personal jurisdiction as to Schrader, the Court must look only at Schrader's actions taken as an individual. See Interior Servs. v. Iverson, 2003 Ohio App. LEXIS 1133 (Ct. App. Ohio 2003).  CCL cannot "piggy back" jurisdiction over Schrader individually, based on jurisdiction over Schrader's employer Wesex.

     E.    The Fiduciary Shield Doctrine

Generally, the fiduciary shield doctrine prevents a court from considering an individual's acts done in an official capacity when analyzing whether the individual is subject to personal

jurisdiction in the forum state.  <u>State ex rel. DeWine v. S & R Recycling, Inc</u>., 961 N.E.2d 1153, ¶ 27 (Ohio App., 7th App. Dist. 2011)(Complaint against corporate shareholders and officers dismissed for lack of personal jurisdiction); <u>see also</u> <u>Embs v. Jordan Outdoor Enters.</u>, 2004 U.S. Dist. LEXIS 27962 (S.D. Ohio 2004)(Complaint against CEO of corporate defendant dismissed for lack of personal jurisdiction).

Although there are limited exceptions to the fiduciary shield doctrine, those exceptions are not addressed unless the Court first can establish personal jurisdiction.  As set forth in this Court's analysis in <u>Embs</u>, <u>supra.</u>, "in order for the doctrine to come into issue, plaintiff must first demonstrate that this Court has personal jurisdiction over [individual defendant]. … Before Plaintiff gets to the exceptions to the doctrine, he must first demonstrate that [individual defendant] is subject to jurisdiction in Ohio." *Id.* at 20.  Neither the fiduciary shield doctrine, nor the exceptions to the fiduciary shield doctrine sought to be argued by CCL, are triggered here, as there is no basis in the first instance for the exercise of the Court's jurisdiction over Schrader.

**F.     Analysis**

The sole action undertaken by Schrader which CCL has alleged is the execution of purportedly fraudulent Payment Applications.  Those payment applications are standard forms used in the industry, and the forms required by the contract between CCL and Wesex.  Schrader's job responsibility at Wesex required him to compile and sign those documents under Koledin's direction and oversight.  Schrader did not prepare the language of the Payment Applications, nor did Schrader have the final authority to itemize the amounts paid or to be paid and lacked authority to write or sign checks.  (See Exhibit A.)  Rather, that information was supplied to Schrader by Koledin and Panutsos.  (See Exhibit A.)  Schrader had no independent knowledge with regard to the status of the CCL project; rather he relied at all times on

information provided by Koledin and Panutsos. No other action, at any time or of any kind, is alleged by CCL with regard to Schrader.

As to the allegedly wrongful filing of a mechanic's lien by Wesex in 2018, the Court may take judicial notice of the fact that Schrader was no longer employed by Wesex after October 13, 2017, and had no actual or alleged role in the filing of the mechanic's lien. (See Exhibit A.) Certainly, there is no allegation that Schrader individually was a party to the alleged lien claim, or any other legal action in Ohio.

CCL does not contend that Schrader has any, let alone continuous and systematic, contact with Ohio such that Schrader would be subject to either general or specific jurisdiction in Ohio. Schrader resides in Pennsylvania (Third Party Compl. ¶ 5) and has no business, real estate, home or employment in the State of Ohio. (See Exhibit A.) During his employment at Wesex, Schrader reported to work at the Wesex corporate office located in West Middlesex, Pennsylvania. (See Exhibit A.) He is a licensed Certified Public Accountant in the Commonwealth of Pennsylvania, but is not licensed in the State of Ohio. (See Exhibit A.)

The Applications for Payment were prepared and executed in Pennsylvania and those Applications were emailed to CCL, which is headquartered in Massachusetts, at its Pennsylvania office. (See Exhibit A.) These actions undertaken by Schrader on behalf of Wesex cannot be considered the "purposeful availment of the privilege of acting" in Ohio.

**IV.     CCL's Third Party Complaint Must Be Dismissed as to Defendant Schrader for CCL's Failure to State a Claim Upon Which Relief Can Be Granted.**

A.     Fed. R. Civ. P. 12(b)(6)

In Count Two of its Third Party Complaint, CCL asserts a claim alleging Schrader's fraudulent misrepresentation during the course of his employment by Wesex. CCL appears to allege that Schrader, under the direction of Koledin and Panutsos, prepared and executed

Applications for Payment for the work performed by Wesex and its subcontractors.  (See Third Party Compl. ¶¶ 32, 53.)

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria:

> 1. It must assert a plausible claim; and
> 2. It must set forth sufficient factual allegations to support the claim.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

Pleadings are no longer satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation."  Iqbal, 556 U.S at 678 (citing Twombly, 550 U.S. at 555).  Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal.  Id.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1940 (citing Twombly, 550 U.S. at 556).

The facts in the complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability."  See Twombly, 550 U.S. at 555.  In other words, the complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 558.

> Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Iqbal, 556 U.S. at 663-664 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted).

B.     **Fraudulent Misrepresentation**

Under Ohio law, the elements of a cause of action for fraudulent misrepresentation or concealment are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Gaines v. Preterm-Cleveland, Inc., 514 N.E.2d 709 (Ohio 1987).

Factual allegations with regard to fraud or mistake, as alleged here by CCL, must state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). With regard to the first and second elements of fraudulent misrepresentation, here, however, CCL has failed to allege which Applications for Payment and what contained in those documents was fraudulently prepared by Schrader, or intentionally disseminated by Schrader with the intent of misleading another. Rather, the allegations against Schrader are that he was directed to execute the Applications for Payment by his employer using information provided by his employer. (See Third Party Compl. ¶¶ 32, 53.)

As to Schrader's "knowledge of falsity" and "intention of misleading another," Schrader relied at all times on information regarding the Project and the overall status of Wesex provided by Koledin and Panutsos. He was directed to execute the Applications for Payment, using the forms required by the parties' contract, which were prepared in reliance on that information provided by Koledin and Panutsos.

CCL's allegations of "justifiable reliance" are also misplaced, given that the obligation to submit the Applications for Payment and affidavits was dictated by the parties' contract. CCL's

failure to raise any objection to an alleged breach by Wesex for failure to include subcontractor lien waivers to at least 17 Applications for Payment constitutes a waiver of such a claim. The parties' written agreement was modified as the result of CCL's course of conduct in accepting those Applications without requiring subcontractor lien waivers. To the extent that CCL claims that Wesex breached the parties' contract as a consequence of submitting improper Applications, the cause of action is one for breach of contract against Wesex – which CCL has in fact alleged as Count One of their Complaint. CCL cannot convert the breach of contract action into a tort claim against an individual employee of Wesex, where CCL's recourse or cause of action sounds solely in assumpsit. CCL's attempt to characterize an alleged breach of contract by Wesex as a fraudulent misrepresentation by Schrader is specious and not in accordance with Ohio law.

      With regard to the "resulting injury proximately caused by the reliance," CCL has failed to allege that payments were made to Wesex for those Applications for Payment submitted by Wesex, up to and including Application for Payment No. 17. Rather, CCL merely alleges that it would have terminated Wesex had the Applications for Payment indicated that that certain subcontractors had not been paid. CCL makes no statement as to what funds, including funds related to rejected Applications for Payment, disputed work or retainage, have been withheld from Wesex. Indeed, CCL can make no such allegation. The underlying factual dispute between CCL and Wesex reveals that CCL did, in fact, withhold hundreds of thousands of dollars from Wesex because of CCL's actual understanding that some of the subcontractors were not paid. Accordingly, CCL has not alleged, nor can CCL ever plead, that CCL released money to its detriment in reliance on the payment applications signed by Schrader. As CCL has not and cannot plead that element of its claim of fraud against Schrader, the cause of action must fail and be dismissed. This failure illustrates the over-reaching nature of CCL's ill-conceived attempt to

convert a breach of contract action against Wesex, into a claim for individual liability against a former employee of Wesex.

## V.     Conclusion

For all of the foregoing reasons, Third Party Defendant Mark Schrader respectfully requests that this Honorable Court dismiss all claims against him in CCL's Third Party Complaint, and that this Court issue all such other and further relief as may be just and necessary.

    Respectfully Submitted,

    /s/ Ryan P. Sherman
    Ryan P. Sherman (0075081)
    PORTER WRIGHT MORRIS & ARTHUR LLP
    41 South High Street, Suite 2900
    Columbus, Ohio  43215
    Telephone: (614) 227-2000
    Facsimile: (614) 227-2100
    rsherman@porterwright.com

    *Attorney for Third Party Defendant Mark Schrader*

Of Counsel:

David A. Levine (*pro hac vice* application forthcoming)
BLUMLING & GUSKY, LLP
436 Seventh Avenue
1200 Koppers Building
Pittsburgh, Pennsylvania  15219
Telephone: (412) 227-2500
Facsmile: (412) 227-2050

*Of Counsel for Third Party Defendant Mark Schrader*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notification of such electronic filing to all counsel of record in this case who are registered CM/ECF users and I have served any non-ECF users by first class mail with postage prepaid.

/s/ Ryan P. Sherman  
Ryan P. Sherman (0075081)
