IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DECKER CONSTRUCTION
CO.,

    Plaintiff,

    vs.

WESEX CORPORATION,
*et al.*,

    Defendants.

Case No. 2:18-cv-727

Chief Judge Algenon L. Marbley

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Compel Gregory Koledin to Comply with Third-Party Plaintiff CCL Label, Inc.'s Rule 45 Subpoena (ECF No. 76) and the supplement to that Motion (ECF No. 79). For the reasons that follow, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

### I.

Defendant and Third-Party Plaintiff CCL Label, Inc. ("CCL") is the owner of a construction project located in Licking County, Ohio (the "Project"). (ECF Nos. ¶¶ 1, 3.) Defendant and Counter Defendant Wesex Corporation ("Wesex") served as the general contractor for the Project. (*Id*. at ¶ 2.) Plaintiff Tarrier Steel Company, Inc. ("Tarrier Steel") later contracted with Wesex to furnish and install certain materials for the Project. (*Id*.; Exhibit A, attached thereto.) Thereafter, a dispute arose between Wesex and CCL regarding the responsibility for change orders on the Project and application of payments made. (ECF No. 11 at ¶ 6.) Because of this dispute, CCL stopped issuing payments to Wesex and Wesex stopped

issuing payments to its subcontractors, including Tarrier Steel. (*Id.* at ¶ 7.)

On March 8, 2018, Tarrier Steel filed an action against CCL and Wesex in the Court of Common Pleas for Delaware County, Ohio, which was removed to this Court on May 30, 2018, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) After removal, CCL filed a Third-Party Complaint, naming as Third-Party Defendants Gregory Koledin, a Pennsylvania resident and President and Chief Executive Officer of Wesex; Melanie Panutsos, Lead Architect and Chief Design Officer at Wesex and a resident of Pennsylvania; and Mark Schrader, former Chief Financial Officer at Wesex and a resident of Pennsylvania. (ECF No. 9.) CCL asserts claims of fraud and slander of title as well as action to pierce the corporate veil against Mr. Koledin and a fraud claim against Ms. Panutsos and Mr. Schrader. (*Id.*) According to CCL,

> Wesex was to use the money it received from CCL from each pay application to pay its subcontractors on the project. De[spite] providing signed and notarized attestations that all the subcontractors on the project were paid in full as of the date of each pay application, Wesex and its officers, including Koledin, were in fact stealing the funds from their subcontractors. As a result, several of the subcontractors began filing liens on the project and/or lawsuits against CCL claiming to be owed funds that Wesex and its officers already attested had been paid. Indeed, to date, over one million dollars ($1,000,000.00) in funds that Wesex and its officers received from CCL to pay its subcontractors is still missing.

(ECF No. 76-1 at 2.)

Ms. Panutsos, who is proceeding without the assistance of counsel, filed an answer to the Third-Party Complaint. (ECF No. 28.) Mr. Schrader, who was previously represented by counsel but who is now proceeding *pro se* (ECF Nos. 60, 61), filed a Motion to Dismiss the Third-Party Complaint (ECF No. 35), which the Court ultimately denied (ECF No.71). Mr. Schrader subsequently filed an answer. (ECF No. 75.) As to Mr. Koledin, the docket reflects that he was served with process on August 23, 2018, at his place of employment located at 1 Erie Street in West Middlesex, Pennsylvania. (ECF No. 19; Declaration of Jonathan Korinko, ECF

No. 79-1 ("Korinko Declaration"), at ¶ 4.)  Mr. Koledin's response to the Third-Party Complaint was due September 13, 2018.  (ECF No. 19.)  When Mr. Koledin failed to respond, CCL applied for entry of default against him.  (ECF No. 25.)  On September 20, 2018, the Clerk entered default against Mr. Koledin.  (ECF No. 29.)

On February 21, 2019, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), ordering, *inter alia*, that all non-expert fact discovery be completed by September 2, 2019.  (ECF No. 54 at 3.)

On May 7, 2019, CCL served Mr. Koledin via a process server with a subpoena for documents and for his deposition pursuant to the provisions of Federal Rule of Civil Procedure 45 ("Subpoena") at his business address of 1 Erie Street, West Middlesex, Pennsylvania.  (*See* Subpoena, ECF No. 76-4; ECF No. 76-5 (Affidavit of Process Server).)  The Subpoena scheduled Mr. Koledin's deposition for May 21, 2019, at the law offices of Benesch, Friedlander, Coplan & Aronoff LLP, 200 Public Square, Suite 2300, Cleveland, Ohio ("the deposition location").  (*See id*.)  CCL represents that Mr. Koledin did not appear for his deposition on the scheduled date and did not otherwise object or respond to the Subpoena.  (ECF No. 76-1 at 3.)

CCL therefore now moves for an order compelling Mr. Koledin's compliance with the Subpoena, *i.e.*, to appear for his deposition and produce the documents identified in the Subpoena.  (*Id*. at 7–8.)  CCL also asks this Court for its attorney's fees and costs, contending that Mr. Koledin's willful refusal to comply with the Subpoena warrants a finding of contempt.  (*Id*.)  Although the Certificate of Service reflects that CCL served a copy of the Motion to Compel on Mr. Koledin by first class mail with postage prepaid (*id*. at 10), he has not responded to the Motion to Compel.  On October 7, 2019, the Court noted that the Subpoena failed to attach

any evidence establishing that the Erie Street address in West Middlesex, Pennsylvania is where Mr. Koledin "resides, is employed, or regularly transacts business in person" and that it is located within 100 miles of where he is to appear in his deposition in Cleveland, Ohio. (ECF No. 78.) In response, Plaintiff filed a supplement, offering the Koledin Declaration and attached exhibits. (ECF No. 79.)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.1 (same). Having reviewed the record and documents supporting CCL's Motion, the Court is satisfied that, under the particular circumstances in this case, this requirement is satisfied.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). Federal Rule of Civil Procedure 26(b) identifies the acceptable scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). In short, "a plaintiff should have access to information necessary to establish her claim, but [] a plaintiff may not be permitted to 'go fishing'; the trial court retains

discretion." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)); *see also Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, 784 F.3d 311, 320–21 (6th Cir. 2015) ("In sum, '[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" (quoting *Surles ex rel. Johnson*, 474 F.3d at 305)).

"[T]he movant bears the initial burden of showing that the information is sought is relevant." *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *Gruenbaum v. Werner*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id*. (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

**III.**

In its Motion to Compel, CCL seeks an order compelling Mr. Koledin's compliance with the Subpoena, including his appearance for a deposition at the offices of Benesch, Friedlander, Coplan & Aronoff LLP, located at 200 Public Square, Suite 2300, Cleveland, Ohio 44114. (ECF No. 76.)

5

As previously noted, the Clerk entered default against Wesex on CCL's claim on October 23, 2018. (ECF No. 22.) "'Federal courts have consistently held that a defaulting defendant should be treated as a non-party with respect to any discovery sought.'" *Paisley Park Enter., Inc. v. Boxill*, No. 17-cv-1212, 2019 WL 1036059, at *2 (D. Minn. Mar. 5, 2019) (quoting *La Barbera v. Pass 1234 Trucking, Inc.*, No. 2004-cv-1364, 2008 WL 2564153 *1 (E.D. N.Y. June 25, 2008)); *see also Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) ("[A] defaulted party should be treated as a non-party."); *Allied Enter., Inc. v. Brillcast, Inc.*, No. 1:15-cv-749, 2015 WL 13122945, at *3 (W.D. Mich. Nov. 17, 2015) ("For discovery purposes, courts treat a defaulting defendant as a non-party."); *Harco Nat. Ins. Co. v. Sleegers Eng'g, Inc.*, No. 06-cv-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014) ("[N]on-parties who were originally parties—for example, a defaulting defendant—is nonetheless still treated as a non-party."); *Standard Mut. Ins. Co. v. Barkley*, No. 1:10-cv-251, 2012 WL 13081715, at *3 (N.D. Ind. Apr. 4, 2012) (After the clerk entered default against [defendant] Starks, he was a non-party for purposes of discovery."). The reason for such treatment has been explained as follows:

> Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. . . . Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers. A defendant may chose to default for any number of reasons including, for example, cost, . . . or, as plaintiff in the present case points out, for reasons of strategy. However, once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.

*Blazek v. Capital Recovery Assoc., Inc.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) (internal citations omitted); *accord Jules Jordan*, 617 F.3d at 1159 (adopting *Blazek*'s reasoning and noting that

6

"[i]t stands to reason that if a defaulted defendant cannot answer allegations of the complaint, it also cannot respond to requests for admissions, at least until the default is vacated").

In addition, "[t]he Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan*, 617 F.3d at 1158. For example, Rule 34 specifically limits to parties a request to produce documents. Fed. R. Civ. P. 34(a) ("A *party* may serve on any other *party* a request within the scope of Rule 26(b)[.]") (emphasis added). Conversely, "a *nonparty* may be compelled to produce documents and tangible things or to permit an inspection" through a subpoena pursuant to Rule 45. Fed. R. Civ. P. 34(c) (emphasis added); *see also* Fed. R. Civ. P. 45. Federal Rule of Civil Procedure 45 provides in relevant part that a subpoena may command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A).

Here, because the Clerk entered default against Mr. Koledin on CCL's claim (ECF No. 29), the Court treats Mr. Koledin as a non-party as it relates to discovery. *Paisley Park Enter., Inc.*, 2019 WL 1036059, at *2; *Allied Enter., Inc.*, 2015 WL 13122945, at *3; *Standard Mut. Ins. Co.*, 2012 WL 13081715, at *3. As detailed above, CCL therefore served the Subpoena on Mr. Koledin at 1 Erie Street, West Middlesex, Pennsylvania. (*See* ECF Nos. 76-4, 76-5.) CCL submits evidence that Mr. Koledin is still employed and regularly transacts business at this address, which is within 100 miles of the deposition location in Cleveland, Ohio. (Koledin Declaration, ¶¶ 10–13; ECF No. 79-1 at PAGEID ## 491–504 (copy of mortgage showing Mr. Koledin as president of a business at this address); ECF No. 79-1 at PAGEID ## 505–07 (copy of Google Maps printout).) CCL also submits evidence reflecting that Mr. Koledin resides at 319 Buhl Boulevard in Sharon, Pennsylvania, which is within 100 miles of the deposition

7

location in Cleveland, Ohio. (Koledin Declaration, ¶¶ 8–9; ECF No. 79-1 at PAGEID ## 481–87 (copy of Mr. Koledin's deed); ECF No. 79-1 at PAGEID ## 488–90).) CCL therefore properly served the Subpoena, which complies with the geographic requirements of Rule 45(c)(1). *See* Fed. R. Civ. P. 45(c)(1)(A); *cf. Michel v. Ford Motor Co.*, No. 18-4738, 2019 WL 718732, at *1 (E.D. La. Feb. 20, 2019) (granting motion to quash subpoena where "[t]here is no evidence that Mr. Fyie [the subpoenaed individual] resides, is employed, or regularly conducts business in person in Louisiana. Fyie is clearly beyond the reach of the Court's subpoena power under Rule 45(c)"); *N5 Tech. LLC v. Capital One N.A.*, 56 F. Supp. 3d 755, 765 (E.D. Va. 2014) (finding that individual was apparently not within the subpoena power of the forum where there was no record evidence that the individual regularly transacted business in person within 100 miles).

After considering the record and evidence, the Court finds the Motion to Compel well taken. Despite being properly served with the Subpoena, Mr. Koledin nevertheless failed to appear for his deposition on the scheduled date and did not otherwise object or respond to the Subpoena. (ECF No. 76-1 at 3.) Mr. Koledin has therefore waived any objections to the Subpoena. *See Boodram v. Coomes*, No. 1:12-cv-00057, 2016 WL 11333773, at *3 (W.D. Ky. Jan. 5, 2016) ("The failure to timely serve written objections to a subpoena typically constitutes a waiver of the objections."); *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 11-12394, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011) (same).

Similarly, although served with a copy of the Motion to Compel (ECF No. 76 at 10), Mr. Koledin has not responded to the Motion. As detailed in the Motion to Compel, Defendants Panutsos and Schrader identified Mr. Koledin as the person possessing most (or all) information relating to the fraud alleged by CCL:

> Now, Panutsos and Schrader are pointing [] to Koledin as the primary, and possibly sole, source of information regarding the fraud scheme perpetrated on CCL.

8

> Panutsos identified Koledin as having "extensive and intimate knowledge of many of the facts pertaining to the case." (Initial Disclosures of Melanie Panutsos, pg. 5, attached hereto as Exhibit A.) Panutsos also stated she possesses minimal documents relevant to this case because Koledin refused to let her take any emails or documents upon her resignation. (*Id.*) Schrader likewise identified Koledin as being in possession of "all emails and documents pertaining" to the Project. (Initial Disclosures of Mark Schrader, p. 2, attached hereto as Exhibit B.) Therefore, the remaining parties have both identified Koledin as possessing nearly all information necessary to prosecute CCL's claims. As such, Koledin's testimony is crucial to understanding the full extent, duration, and scope of the fraud perpetrated on CCL as well as Panutsos's and Schrader's involvement in the same.

(ECF No. 76-1 at 2–3.) The Subpoena (ECF No. 76-4) seeks testimony and documents relevant to these matters. *See* Fed. R. Civ. P. 26(b)(1). Nothing in the record reflects that the requested information is disproportional to the needs of the case or that this request too broad or oppressive. Plaintiff is therefore entitled to obtain this information. *See id.*; *see also Pittman*, 901 F.3d at 642; *Anwar*, 876 F.3d at 854; *Prado*, 2017 WL 5151377, at *1. For these reasons, CCL's Motion to Compel is well taken.

## IV.

CCL seeks recovery of its expenses, including attorney's fees and costs incurred as a result of filing its Motion to Compel. (ECF No. 76-1 at 7.) Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of reasonable expenses incurred in making a motion to compel, including attorney's fees, if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed. Rule 37(a)(5) further provides, however, that the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Here, as set forth above, Plaintiff made a good faith effort to obtain the discovery without court intervention, but Mr. Koledin failed to appear for his deposition or otherwise respond to the Subpoena. In addition, as Mr. Koledin has not responded to CCL's Motion to Compel, nothing before the Court suggests that Mr. Koledin's failure to comply with the Subpoena was substantially justified. Similarly, no circumstances present in the instant case exist that "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, the Court finds that an award of CCL's reasonable attorney's fees and costs associated with bringing its Motion to Compel is appropriate.

CCL also asks the Court to hold Mr. Koledin in contempt for his failure to comply with the Subpoena. (ECF No. 76-1 at 7–8.) However, because Mr. Koledin has another opportunity to appear for his deposition as ordered below, the Court declines at this time to find Mr. Koledin in contempt under these particular circumstances.

**V.**

For all these reasons, CCL's Motion to Compel Gregory Koledin to Comply with Third-Party Plaintiff CCL Label, Inc.'s Rule 45 Subpoena (ECF No. 76) is **GRANTED IN PART AND DENIED IN PART** consistent with the foregoing. Specifically, as to CCL's request for an Order directing Mr. Koledin to appear for his deposition and to produce documents, the Motion to Compel is **GRANTED**. Gregory Koledin is **ORDERED** to appear at the offices of Benesch, Friedlander, Coplan & Aronoff LLP, 200 Public Square, Suite 2300, Cleveland, Ohio 44114, for a deposition and to produce the documents identified in the Subpoena on a date selected by CCL not less than thirty (30) days from the date of this Opinion and Order.[1]

---

[1] For ease of reference, CCL should issue another subpoena with the date it selects.

CCL's request for expenses under Rule 37(a)(5) (ECF No. 76) is also **GRANTED** but its request for a finding Mr. Koledin in contempt is **DENIED WITHOUT PREJUDICE**. CCL shall file a notice within **THIRTY (30) DAYS** of the date of this Opinion and Order in support of the awarded fees and expenses, setting forth sufficient information to permit the Court to assess the reasonableness of the amount requested, including the timekeeper, rate, and explanation of work, with limited, appropriate redactions to protect the attorney-client privilege. *Cf. Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 281 (6th Cir. 2016) (finding that a "key requirement" for an award of attorney fees "is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation").

The Clerk is **DIRECTED** to serve via first class and certified mail a copy of this Opinion and Order as well as copy of the Motion to Compel (ECF No. 76) and supplement (ECF No. 79) to Gregory Koledin at this home address and business address as reflected in the docket as follows:

319 Buhl Blvd.
Sharon, PA 16146

and

1 Erie Street
West Middlesex, PA 16159

The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

**IT IS SO ORDERED.**

                                                                              */s/ Elizabeth A. Preston Deavers*
**DATED: October 29, 2019**               **ELIZABETH A. PRESTON DEAVERS**
                                                                         **CHIEF UNITED STATES MAGISTRATE JUDGE**