**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DECKER CONSTRUCTION
CO.,**

        **Plaintiff,**

                                      **Case No. 2:18-cv-727**

     **vs.**                      **Chief Judge Algenon L. Marbley**

                                        **Chief Magistrate Judge Elizabeth P. Deavers**

**WESEX CORPORATION,**
*et al.*,

        **Defendants.**

### ORDER, REPORT AND RECOMMENDATION, and CERTIFICATION OF FACTS

This matter is before the undersigned pursuant to General Order No. COL:14-01(IV)(C)(2), for consideration of Third-Party Plaintiff CCL Label, Inc.'s Motion to Show Cause Against Gregory Koledin. (ECF No. 83.) Third-Party Plaintiff CCL Label, Inc. ("CCL") moves this Court for an order finding Mr. Koledin in contempt for failure to comply with the Court's October 29, 2019 Opinion and Order (ECF No. 80), requiring him to comply with CCL's subpoena and for a deposition and to produce the documents. For the reasons that follow, it is **RECOMMENDED** that CCL's Motion to Show Cause be **DENIED WITHOUT PREJUDICE**.

### I.     MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such

magistrate judge the power to exercise contempt authority as set forth in this subsection.")

Section (e)(6)(B), which applies in civil cases where the parties have not consented to final

judgment by the magistrate judge, provides as follows:

> **(6) Certification of other contempts to the district court**.—Upon the commission of any such act—
>
> *          *          *
>
> > (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
> >
> > > (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
> > >
> > > (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> > >
> > > (iii) the act constitutes a civil contempt,
> > >
> > > the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B) (emphasis in original).

Thus, a "magistrate judge's role on a motion for contempt in non-consent cases is to

certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*,

No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (collecting cases

establishing the proposition). Such a certification "serves to determine whether the moving party

can adduce sufficient evidence to establish a *prima facie* case of contempt." *In re Warren*

*Easterling Litigation*, No. 3:14-mc-11, 2014 WL 3895726, at *1 (S.D. Ohio Aug. 8, 2014)

(internal quotation marks and citation omitted).

## II.    CERTIFIED FACTS

On October 29, 2019, the Court granted in part and denied in part CCL's Motion to

Compel Gregory Koledin to Comply with Third-Party Plaintiff CCL Label, Inc.'s Rule 45

Subpoena, specifically ordering, *inter alia*, as follows:

> Specifically, as to CCL's request for an Order directing Mr. Koledin to appear for
> his deposition and to produce documents, the Motion to Compel is **GRANTED**.
> Gregory Koledin is **ORDERED** to appear at the offices of Benesch, Friedlander,
> Coplan & Aronoff LLP, 200 Public Square, Suite 2300, Cleveland, Ohio 44114,
> for a deposition and to produce the documents identified in the Subpoena on a date
> selected by CCL *not less than thirty (30) days from the date of this Opinion and
> Order*.

(ECF No. 80 at 10 (emphasis added) (requiring further that CCL issue a new subpoena with the

newly selected date).)

In its present Motion to Show Cause, CCL submits that it served an amended subpoena

on Mr. Koledin requiring him to produce documents and appear for his deposition on November

18, 2019, and that he failed to comply ("the amended subpoena").  (ECF No. 83; ECF No. 83-1

(Exhibit A, copy of the amended subpoena setting November 18, 2019, as the date for deposition

and producing documents).)  Mr. Koledin has not responded to CCL's Motion to Show Cause.

(*See* ECF No. 87 (expediting briefing and requiring that if Mr. Koledin intends to respond to the

Motion, that he does so on or before December 23, 2019).)

## III.    ANALYSIS

Under the present circumstances, Mr. Koledin's failure to comply with the amended

subpoena does not constitute disobedience to a lawful court order amounting to contempt.  The

Court has inherent authority to assure compliance with its orders through civil contempt.  *S.E.C.*

*v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to hold in contempt a party—or the party's officer, director, or managing agent—if the party fails to comply with the court's discovery order). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him or her or it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted). Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

Here, as set forth above, the Court specifically required that the new date selected by CCL be "not less than thirty (30) days from the date of this Opinion and Order" issued on October 29, 2019. (ECF No. 80 at 10.) Accordingly, the new date for Mr. Koledin's deposition and production of documents could be no earlier than thirty days from October 29, 2019, or,

stated differently, no earlier than November 28, 2019. (*Id.*) CCL therefore failed to comply with the Court's Opinion and Order when it issued the amended subpoena setting Mr. Koledin's deposition and production date for November 18, 2019. (*Id.*; ECF Nos. 83 and 83-1.) Because the amended subpoena was non-compliant, CCL has not shown by clear and convincing evidence that Mr. Koledin violated the Court's Opinion and Order (ECF No. 80) or that failure to comply with the defective amended subpoena constitutes contempt. Under the present circumstances, the undersigned therefore finds that civil contempt sanctions are inappropriate.

## IV.    CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that CCL's Motion to Show Cause Against Gregory Koledin (ECF No. 83) be **DENIED WITHOUT PREJUDICE** and that Gregory Koledin not be found in civil contempt at this time for failure to comply with the amended subpoena. It is **FURTHER RECOMMENDED** that if this Report and Recommendation is adopted, that CCL be given another opportunity to subpoena Mr. Koledin and that the undersigned, by separate order following the presiding Chief District Judge's decision, set a deadline for CCL to do so.

Based on the foregoing, the undersigned **WITHDRAWS IN PART** the prior Order (ECF No. 87) to the extent it advised Mr. Koledin that failure to respond to CCL's Motion to Show Cause would result in the Court setting a hearing to show cause why he should not be held in contempt.

The Clerk is **DIRECTED** to send by first class and certified mail a copy of this Order and the prior Order (ECF No. 80) to Third-Party Gregory Koledin at the following addresses:

319 Buhl Blvd.
Sharon, Pennsylvania 16146

and

5

1 Erie Street

West Middlesex, Pennsylvania 16159

(ECF No. 83-1 at PAGEID ## 543–44.)

The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.


## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex

Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

IT IS SO ORDERED.

/s/ *Elizabeth A. Preston Deavers*

DATED:  January 6, 2020          ELIZABETH A. PRESTON DEAVERS
                                 CHIEF UNITED STATES MAGISTRATE JUDGE