IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DECKER CONSTRUCTION CO.,** : | |
| : | Case No. 2:18-cv-727 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Chief Magistrate Judge Elizabeth Deavers |
| **WESEX CORPORATION,** : | |
| *et al.*, : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter comes before the Court on Chief Magistrate Judge Elizabeth Deavers's January 2, 2020 Report and Recommendation (ECF No. 93) that the Court deny Third-Party Plaintiff CCL Label, Inc.'s ("CCL") Motion to Show Cause against Gregory Koledin (ECF No. 83). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES WITHOUT PREJUDICE** CCL's Motion to Show Cause.

**I.    BACKGROUND**

On October 29, 2019, the Court granted in part and denied in part CCL's Motion to Compel Gregory Koledin to Comply with CCL's Rule 45 Subpoena. (ECF No. 80 at 10). That Order required CCL to select a new date to conduct the deposition of Mr. Koledin and produce documents related to the subpoena "not less than (30) days from the date of this Opinion and Order." (*Id.*). In other words, the new date selected for the deposition of Mr. Koledin by CCL and the production of documents by Mr. Koledin could be no earlier than November 28, 2019. (*Id.*). CCL submitted an amended subpoena setting Mr. Koledin's deposition and document production date for November 18, 2019. (*Id.*; ECF Nos. 83 and 83-1). In its Motion to Show Cause, CCL submits that Mr. Koledin did not comply with CCL's subpoena. (*Id.*). Mr. Koledin

1

has not responded to CCL's Motion to Show Cause. On January 2, 2020 Chief Magistrate Judge Deavers issued the Report and Recommendation that CCL's Motion be denied, finding Mr. Koledin's failure to respond to the non-compliant subpoena did not constitute disobedience to a lawful court order amounting to contempt. (ECF No. 93 at 3). CCL did not file any objections.

## II.  LAW AND ANALYSIS

Under 28 U.S.C. § 636(e)(1) "A United States Magistrate Judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." Subsection (e)(6)(B)(iii) provides:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). A "magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (collecting cases establishing the proposition). In a civil contempt case, the petitioner must "prove by clear and convincing evidence that the respondent violated the court's prior order." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987).

The Magistrate's Order specifically advised the parties that "the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge." *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the

2

defendant's] ability to appeal the district court's ruling"). The parties did not file any objections. Even under de novo review, this Court agrees with Chief Magistrate Judge Deavers's Report and Recommendation that, based on the certified fats, CCL has not shown by clear and convincing evidence that Mr. Koledin's failure to respond to CCL's non-compliant amended subpoena violated the Court's October 29, 2019 Opinion and Order (ECF No. 80) or that failure to comply with the defective subpoena constitutes contempt. The October 29, 2019 Order made clear that the deposition and production date must be no earlier than November 28, 2019. (ECF No. 80). By setting a November 18, 2019 deposition date, CCL issued a non-compliant subpoena. CCL has thus failed to show by clear and convincing evidence that Mr. Koledin violated the Court's Order by failing to respond. Therefore, this Court finds the Magistrate did not err in denying CCL's Motion to Show Cause and finding civil contempt sanctions inappropriate.

After reviewing Magistrate Judge Elizabeth P. Deavers' Report and Recommendation, this Court finds that the Magistrate reached the correct conclusion. The Court, therefore, **ADOPTS** Magistrate Judge Elizabeth P. Deavers' January 2, 2020 Report and Recommendation. (ECF No. 93). CCL's Motion to Show Cause (ECF No. 83) is hereby **DENIED WITHOUT PREJUDICE.**

    **IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 14, 2020**