# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DECKER CONSTRUCTION CO.**,

    **Plaintiff,**

vs.

**WESEX CORPORATION,**
*et al.*,

    **Defendants.**

Case No. 2:18-cv-727

**Chief Judge Algenon L. Marbley**

**Chief Magistrate Judge Elizabeth P. Deavers**

## **OPINION AND ORDER**

### I.

By Opinion and Order dated October 29, 2019, (ECF No. 80), the Court granted in part and denied in part the Motion to Compel filed by Third-Party Plaintiff CCL Label, Inc. ("CCL"). The motion was granted to the extent that Gregory Koledin ("Koledin") was ordered to appear for deposition. (*Id*.) Further, the Court granted CCL's request for expenses incurred in connection with its motion under Rule 37(a)(5). (*Id*.) The Court directed CCL to file a notice supporting its fee award within 30 days of the date of the Opinion and Order. (*Id*.) CCL filed its Notice in Support of the Awarded Fees and Expenses on November 27, 2019. (ECF No. 82.)

### II.

CCL seeks attorneys' fees in the amount of $5403.60 and expenses in the amount of $180.00. Jonathan J. Korinko, an attorney with the firm of Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") and CCL's lead counsel, has submitted a declaration in support of his request for fees and expenses. (ECF No. 82-1.)

CCL's information is sufficient to permit the Court to assess the reasonableness of the amount requested, including the timekeeper, rate, and explanation of work, and contains only limited, appropriate redactions to protect the attorney-client privilege. *See Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 281 (6th Cir. 2016) (finding that "key requirement" for an award of attorney fees "is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation")."

To determine the reasonableness of attorneys' fees, the Court will use the "lodestar" calculation based on the "prevailing market rate in the relevant community" when considering the reasonableness of the fee award. *See Castro v. Los Camperos, Inc.,* No. 2:13-CV-1186, 2014 WL 4626292, at *2 (S.D. Ohio Sept. 15, 2014) (applying lodestar method for calculating attorneys' fees incurred in connection with motion to compel). The calculation considers the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate. *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014).

The Court has reviewed CCL's Notice in Support of the Awarded Fees and Expenses (ECF No. 82) as well as the supporting documentation. According to this documentation, CCL seeks $4550.40 in attorneys' fees in connection with the motion to compel filed on July 16, 2019 (ECF No. 76), as supplemented on October 21, 2019. (ECF No. 79.) This represents 14.40 hours of time billed at the rate of $316.00.[1] The Court is satisfied that this amount is fair and

---

[1] The Court recently found Mr. Korinko's hourly billing rate of $316.00 to be reasonable. *Tarrier Steel Co. v. Wesex Corp.*, No. 1:18-cv-0528, 2020 WL 2838607, at *2 (S.D. Ohio June 1, 2020).

reasonable in light of the value of the services rendered and considering the hourly rates and hours reasonably and efficiently expended.

The documentation further reveals, however, that CCL is seeking $853.20 in attorneys' fees representing 2.70 hours of time for counsel's preparation for, and attendance at, Mr. Koledin's attempted deposition scheduled for May 21, 2019.  Further, as noted, the requested expenses relate to the court reporter's time at the attempted deposition on that date.  These fees and expenses exceed the parameters of the Court's award pursuant to Fed. R. Civ. P. 37(a)(5)(A). (ECF No. 80 at p. 10.) ("the Court finds that an award of CCL's reasonable attorney's fees and costs associated with bringing its Motion to Compel is appropriate").  Consequently, the Court will make this downward adjustment to the requested fees and expenses.

Mr. Koledin has not responded to the Court's award of attorneys' fees to CCL or to CCL's supplemental information submitted in support of the award.  This is despite Mr. Koledin's receipt of the Court's previous Opinion and Order (ECF No. 80) on January 21, 2020.[2] (ECF No. 95.)

For these reasons, CCL is **AWARDED** $4550.40 in attorneys' fees.

---

[2] The Court directed the Clerk to serve a copy of its Opinion and Order on Koledin via first class and certified mail at both his home and business addresses as reflected on the docket. (ECF No. 80.).  The Clerk entered the fact of the mailing on October 30, 2019. (ECF No. 81.)  The Clerk also served additional copies of the Court's Opinion and Order (ECF No. 80) on Koledin and entered the fact of the mailing on December 10, 2019, and January 7, 2020. (ECF Nos. 88, and 94.)

On January 23, 2020, an acknowledgment of service indicating service of the Court's order (ECF No. 80) on Koledin on January 21, 2020, was filed. (ECF No. 95.)  By order dated April 1, 2020, the Court advised Koledin that he had until April 22, 2020, to respond to CCL's supplemental information and cautioned him that any failure to respond would likely result in an award of the amount of fees and expenses requested. (ECF No. 96).  The Clerk mailed this order to Koledin by certified and regular mail. (ECF No. 97.)   These mailings were returned as undeliverable on April 6, 13, and 28, 2020. (ECF Nos. 98, 99, and 100.)

**III.**

Further, in its previous Opinion and Order (ECF No. 80), the Court directed CCL to issue a subpoena for Mr. Koledin to appear for a deposition and to produce the documents identified in that subpoena on a date selected by CCL not less than thirty (30) days from the date of the Opinion and Order. (*Id*. at p. 10.) The Court issued this Opinion and Order on October 29, 2019, making November 28, 2019, the earliest date upon which to schedule Mr. Koledin's deposition and production of documents. (*Id*.) CCL failed to comply when it issued an amended subpoena setting the date for November 18, 2019. (*Id*.; ECF Nos. 83 and 83-1.) In the Report and Recommendation denying CCL's subsequent Motion to Show Cause Against Gregory Koledin, the Court recommended that, if the Report and Recommendation was adopted, CCL be given another opportunity to subpoena Mr. Koledin. (ECF No. 93.) The Report and Recommendation was adopted by Order dated May 14, 2020. (ECF No. 101.) Accordingly, no later than June 19, 2020, CCL shall issue any subpoena to Gregory Koledin for a deposition and to produce the documents identified in the subpoena, such deposition shall be scheduled no earlier than 30 days from the date the subpoena is issued.

**IV.**

For the reasons set forth above, CCL is **AWARDED** $4550.40 in attorneys' fees against Gregory Koledin. Gregory Koledin is **ORDERED** to pay $4550.40 in attorneys' fees to CCL.

**FURTHER**, no later than June 19, 2020, CCL shall issue any subpoena to Gregory Koledin for a deposition and to produce the documents identified in the subpoena, such deposition shall be scheduled no earlier than 30 days from the date the subpoena is issued.

The Clerk is **DIRECTED** to serve via first class and certified mail a copy of this Opinion and Order on Gregory Koledin at his home address and business address as reflected in the docket as follows:

319 Buhl Blvd.
Sharon, PA 16146

and

1 Erie Street
West Middlesex, PA 16159

The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

 IT IS SO ORDERED.

                                                                     */s/ Elizabeth A. Preston Deavers*_____
**DATED:  June 5, 2020**                **ELIZABETH A. PRESTON DEAVERS**
                                                                     **CHIEF UNITED STATES MAGISTRATE JUDGE**